*243 OPINION AND ORDER
This matter comes before the Fort Peck Court of Appeals on an appeal of a Tribal Court Order dated August 7, 2008. The Appellant, Fort Peck Housing Authority sought to enforce a December 15, 2005 Order of Eviction, Default Judgment, Forcible Entry and Detainer Judgment.
Appearing by written briefs were John Fredericks, III and LaFon Copenhaver, for Appellant.
Appearing for Appellee by written brief was Robert E. Welch, Tribal Lay Advocate. Mr. Welch withdrew as counsel after submission of brief for Appellee, and the Court has considered his brief on behalf of Appellee in this Opinion.

OPINION

1. The Tribal Court’s Order of August 7, 2008, which held that Fort Peck Housing Authority could not enforce a December 15, 2005 Order of Eviction, but was required to bring a new cause of action, should be vacated.
2. The Order of Eviction dated December 15, 2005, should be affirmed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The pertinent facts of this case are not in dispute. Basically, the matter starts with a 2004 complaint for eviction of Ap-pellee Adams from a Mutual Help unit for failure to make required rental payments. The parties then stipulated to a default judgment and order issued on October 22, 2004. Appellee Adams failed to meet the obligations of the agreement and the Fort Peck Housing Authority sought eviction. On December 5, 2005, the Tribal Court, after hearing the motion, ordered eviction. This Order was subsequently amended on December 15, 2005 as an Amended Order of Eviction and Default Judgment and Order of Forcible Entry and Detainer.
After a winter moratorium on eviction passed, the parties entered into another repayment agreement (April 4, 2006 agreement). This agreement had specific terms as to rights and duties of the parties upon failure to comply. Appellee Adams failed to comply and the Fort Peck Housing Authority sought to enforce its Order of Eviction which had been granted on December 15, 2005.
The matter then proceeded to an appeal with this court in Adams v. Fort Peck Housing Authority. Appeal No. 479. On March 24, 2008, this Court issued an Order Denying Petition for Review. The matter then returned to the Tribal Court, where, on August 7, 2008, the Court issued an Order in favor of Appellee Adams. Summarizing this order, the Court stated that Fort Peck Housing Authority could not enforce the December 15, 2005 Order of Eviction. It further ordered that Fort Peck Housing Authority must either bring a new civil action to enforce the December 15, 2005 Order of Eviction, or a new civil action to enforce the April 4, 2006 payment agreement.
This order (August 7, 2008) is the subject of the current appeal;

ISSUES

1. Whether the August 7,2008 Order of the Fort Peck Tribal Court contained *244 sufficient factual and legal errors so that it should be vacated.
OPINION: Yes
2. Whether the December 15, 2005 Order of Eviction should be enforced.
OPINION: Yes

DISCUSSION

We look first to the April 2006 repayment agreement and whether it was intended to supplant the December 15, 2005 Order of Eviction. There is no express provision in the agreement indicating that this is the case. The clear intent of the agreement was to modify Appellee Adams’ payment obligations by changing them from $100.00 to $200.00 per month. The parties had been through a considerable procedural history at that time, and the Fort Peck Housing Authority did not give up previously obtained rights and remedies by this repayment agreement.
Here, also, we reject the argument of Appellee Adams that the December 15,-2005 Order of Eviction expired when Fort Peck Housing Authority did not enforce the Order of Eviction on a single day— April 2, 2006. There is no precedent for such interpretation.
The facts show here that Appellee Adams defaulted on a stipulated Judgment to make payments. The December 15, 2005 Order of Eviction does not contain any limitations on enforcement. Further, the Order of Eviction was not supplanted by the April, 2006 repayment agreement.
Based on the foregoing, the record and file herein, IT IS HEREBY ORDERED AS FOLLOWS in this matter:
Í. The Order of August 7, 2008 in which the Court held that the Fort Peck Housing Authority could not enforce the December 15, 2005 Order of Eviction but was required to bring a new cause of action on either the amended Order of Eviction and Default Judgment on the April 4, 2006 repayment agreement is hereby vacated,
2. The December 15, 2005 Order of Eviction is upheld and enforceable without the need for additional notice, hearings or pleadings to or by the parties.